IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD D. JUMPER, JR.,            )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        1:24CV227
                                   )
TODD ISHEE, et al.,                )
                                   )
            Defendant(s).          )


ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.      The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* application, but when asked to give the amount of funds deposited into his prison trust account in the last six months, Plaintiff gave the answer "$30-$80." He must give a single amount, not a range. If Plaintiff does not know the exact amount, he should give his best good faith estimate.

2.      For the most part, Plaintiff does not appear to name proper defendants. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Here, the Complaint lists seven Defendants by name and "PERT officers." Of the seven Defendants listed by name, the body of the Complaint only clearly contains allegations against one, Defendant Keno White. It is not clear why the other six Defendants are listed. The Court notes that a number of them appear to hold supervisory positions. To the extent the Complaint seeks to name them on that basis, this is not proper because theories of *respondeat superior* or liability predicated solely on a

defendant's identity as a supervisor do not exist under § 1983. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009). Also, the Complaint names the Defendants other than Defendant White only in their official capacities and seeks only damages as relief. The Defendants are all employees of the State of North Carolina. Official capacity suits against state employees are the same as a suit against the State of North Carolina. However, neither the State nor its agencies are "persons" subject to suit under § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989). Further, the Eleventh Amendment to the United States Constitution would limit any relief to a prospective injunction to remedy an ongoing violation of federal law and Plaintiff seeks no such remedy. <u>McBurney v. Cuccinelli</u>, 616 F.3d 393, 399 (4th Cir. 2010). He must name proper Defendants and, if possible, include the names of the PERT officers he seeks to sue.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 21st day of March, 2024.

_____
/s/  Joe L. Webster
United States Magistrate Judge

3